IN THE SUPERIOR COURT



**FILED**
February 26, 2024 04:01 PM
SX-2018-CV-00146
TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| ERBEY HOLDING CORPORATION; JOHN R. ERBEY FAMILY LIMITED PARTNERSHIP, BY ITS GENERAL PARTNER JUPITER CAPITAL INC.; SALT POND HOLDINGS, LLC; MUNUS, L.P.; CARISMA TRUST, BY ITS TRUSTEE VENIA, LLC; TRIBUE LIMITED PARTNERSHIP; AND ALTISOURCE ASSET MANAGEMENT CORPORATION, <br><br> PLAINTIFFS, <br><br> V. <br><br> BLACKROCK FINANCIAL MANAGEMENT, INC.; BLACKROCK INVESTMENT MANAGEMENT, LLC; BLACKROCK INVESTMENTS, LLC; BLACKROCK CAPITAL MANAGEMENT, INC.; PACIFIC INVESTMENT MANAGEMENT COMPANY, LLC; PIMCO INVESTMENTS LLC; AND JOHN AND JANE DOES 1-10, <br><br> DEFENDANTS. | CASE NO. SX-2018-CV-00146 <br><br> Complex Litigation Division <br><br> Action for Damages <br><br> Jury Trial Demanded |

Cite as 2024 VI Super 10

**Appearances**:

**JOEL H. HOLT, ESQ.**
Law Offices of Joel H. Holt, P.C.
Christiansted, VI 00820
*For Plaintiffs*

**GORDON RHEA, ESQ.**
Law Offices of Gordon Rhea, P.C.
St. Thomas, VI 00803
*For Plaintiffs*

**PAUL A. KOCHES, ESQ.** (*pro hac vice*)
Farragut Law PLLC
Naples, FL. 34103
*For Plaintiffs*

**NICHOLAS CUTAIA, ESQ.** (*pro hac vice*)
**CHARLES R. JACOB, III, ESQ.** (*pro hac vice*)
**ADAM J. SAFER, ESQ.** (*pro hac vice*)
**ISABEL P. SUKHOLITSKY, ESQ.** (*pro hac vice*)
**JOEL E. ANTWI, ESQ.** (*pro hac vice*)
**MATTHEW P. HORVITZ, ESQ.** (*pro hac vice*)
**KIMAN KOUR, ESQ.** (*pro hac vice*)
Goulston & Storrs
New York, NY 10022
*For Plaintiffs*

**MARIA TANKENSON HODGE, ESQ.**
Hodge & Hodge
St. Thomas, VI 00802
*For the BlackRock Defendants*

**MARK A. KIRSCH, ESQ.** (*pro hac vice*)
King & Spalding LLP
New York, NY 10036
*For the BlackRock Defendants*

**CHRISTOPHER M. JORALEMON, ESQ.** (*pro hac vice*)
**JEFFERSON E. BELL, ESQ.** (*pro hac vice*)
Gibson Dunn & Crutcher, LLP
New York, NY 10166
*For the BlackRock Defendants*

**KEVIN F. D'AMOUR, ESQ.**
**GAYLIN VOGEL, ESQ.**
Barnes, D'Amour & Vogel
St. Thomas, VI 00801
*For the PIMCO Defendants*

**JOHN C. ERTMAN, ESQ.** (*pro hac vice*)
Ropes & Gray LLP
New York, NY 10036
*For the PIMCO Defendants*

## <u>MEMORANDUM OPINION AND ORDER</u>

**WILLOCKS**, *Administrative Judge*.

¶1     **BEFORE THE COURT** is a motion filed jointly by BlackRock Financial Management, Inc.,

BlackRock Investment Management, LLC, BlackRock Investments, LLC, and BlackRock Capital

Management, Inc. (hereinafter "BlackRock Defendants") and Pacific Investment Management Company, LLC and PIMCO Investments, LLC (hereinafter "PIMCO Defendants") (together "Defendants") for a temporary stay of all proceedings in the Superior Court of the Virgin Islands until the Supreme Court of the Virgin Islands decides whether to grant their petition for interlocutory appeal. This Court certified a controlling question of law to the Virgin Islands Supreme Court pursuant to Title 4, Section 33(c) of the Virgin Islands Code. *See generally Erbey Holding Corp. v. BlackRock Fin. Mgmt, Inc.*, 2023 VI Super 75. Virgin Islands law provides that "application for an appeal . . . may not stay proceedings[] in the Superior Court unless the Superior Court judge or the Supreme Court or a justice thereof orders a stay of the proceedings." 4 V.I.C. § 33(c). The Defendants jointly moved for a stay. The Plaintiffs oppose. The Court heard oral argument and took the matter under advisement. For the reasons stated below, the Defendants' joint motion will be denied.

## I.    BACKGROUND

¶2    The Court summarized the factual and procedural background of this case in its prior opinion. *See Erbey Holding Corp.*, 2023 VI Super 75 at ¶¶ 4-11. That background is incorporated herein as it has not changed. What is important for the purposes of this Opinion, however, is to note is that discovery has been stayed since this case was commenced in 2018. Along with motions to dismiss for lack of personal jurisdiction, for failure to state a claim for relief, and for *forum non conveniens*, the Defendants had also filed a motion to stay discovery on August 7, 2018, which remained pending after this case was designated complex and transferred to the Complex Litigation Division that same month. The motion to stay discovery remained pending—and discovery remained under a *de facto* stay—until this Court formally granted the Defendants' motion on February 16, 2023. Even though the Virgin Islands Rules of Civil Procedure does not permit discovery to be stayed simply upon the filing of a motion, *see* V.I. R. Civ. P. 26(d)(4), the Defendants have been unwilling to engage in any discovery, even initial disclosures. As a

result, nearly six years have passed since this case was filed and no discovery has been conducted, largely based on the Defendants' challenge to the Superior Court's jurisdiction.

¶3      This Court initially granted the Defendants' August 7, 2018 motion to stay discovery because out of concern that forcing parties to engage in discovery might contravene due process if the court lacks personal jurisdiction over that party. In its December 4, 2023 Opinion, this Court adopted the Recommendation of the Staff Master, with a modification not relevant to the instant motion, and concluded that the Superior Court can exercise personal jurisdiction over all Defendants except one: BlackRock, Inc. The Court granted the motion to dismiss BlackRock for lack of personal jurisdiction and certified the dismissal of BlackRock as final under Rule 54(b) of the Virgin Islands Rules of Civil Procedure. The Plaintiffs later appealed that dismissal to the Virgin Islands Supreme Court, which remains pending. The Court also denied the motion to dismiss the remaining Defendants, finding that consented to personal jurisdiction in the Virgin Islands because they registered to do business in the Territory as either broker-dealers or investment advisers. The Court also agreed with the Staff Master's recommendation, and granted the Defendants' motion, "to certify to the Supreme Court of the Virgin Islands the question whether submitting forms to the Lieutenant Governor's office to register as a broker-dealer (Form BD) or an investment advisor (Form ADV) constitutes consent to personal jurisdiction in the courts of the Virgin Islands." *Erbey Holding Corp.*, 2023 VI Super 75 at ¶ 3 (citing *Mallory v. Norfolk S. Ry. Co.*, 143 S. Ct. 2028 (2023)).

¶4      All Defendants (except BlackRock who was dismissed) petitioned the Virgin Islands Supreme Court to accept jurisdiction and decide the certified question. To date, the Supreme Court has not ruled on the petition. In the interim, the Defendants jointly moved this Court for "a temporary stay of the proceedings in the Superior Court—until the Virgin Islands Supreme Court decides whether to take the appeal and, if so, until the appeal is decided—is in the interests of justice." (Defs' Jt. Mot. to Stay Proc.

Pending Interloc. App. 1, filed Dec. 22, 2023 (hereinafter "Mot.").) The Plaintiffs responded in opposition to staying discovery further. The Staff Master, during a regularly scheduled hearing, heard from the parties and informally reported to the Court that they wished to argue the motion to stay. The Court scheduled oral argument, heard from the parties, and took the matter under advisement.

## II.     LEGAL STANDARD AND DISCUSSION

¶5      Section 33(c) of Title 4 of the Virgin Islands Code provides that if a Superior Court judge "is of the opinion that [an] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal . . . may materially advance the ultimate termination of litigation, the judge shall so state in the order." 4 V.I.C. § 33(c). Superior Court judges have discretion whether to certify a controlling question to the Supreme Court. *See In re: Le Blanc*, 49 V.I. 508, 529 (Cabret, J., concurring). If the Superior Court certifies a controlling question, and if the parties timely apply to the Supreme Court to permit the appeal, the Superior Court may stay proceedings pending appeal. *See* 4 V.I.C. § 33(c) ("The Supreme Court of the Virgin Islands may thereupon, in its discretion, permit an appeal to be taken from the order, if application is made to it within ten days after the entry of the order; except that application for an appeal hereunder may not stay proceedings[] in the Superior Court unless the Superior Court judge or the Supreme Court or a justice thereof orders a stay of the proceedings."). The Virgin Islands Supreme Court has not decided what a party must show to obtain a stay pending appeal of a controlling question, and no Superior Court judge has addressed this question either.

¶6      The Defendants correctly note that this is an issue of first impression in the Virgin Islands. (*See* Mot. 5 ("Section 33(c) does not provide guidance on the standard for issuance of such a stay, and there is no Virgin Islands precedent establishing a standard.").) The Plaintiffs concur. (*See* Pls' Opp'n to Defs.' Jt Mot. to Stay Proc. Pending Interloc. App. 5, filed Jan 9, 2024 (hereinafter "Opp'n") ("While the Virgin Islands Supreme Court has not directly addressed the standard for stays pending an ***interlocutory*** appeal

under Section 33(c), it has directed courts to consider the following factors in stays pending an appeal from an order or judgment: (1) whether the movant has made a strong showing that he is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether granting the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." (citing *Rojas v. Two/Morrow Ideas Enters., Inc.*, S. Ct. Civ. No. 2008-071, 2009 WL 321347, *2 (V.I. Jan. 22, 2009) (*per curiam*); *Yusuf v. Hamed*, 59 V.I. 841, 848 n.3 (2013)).) The Defendants also rely on the four-factor test announced in *Rojas*. (*See* Mot. 12 (citing *Rojas*).) But they first point to persuasive authority where courts have considered a stay because "'[t]he entire case is essentially involved in the appeal.'" *Id.* at 5 (internal quotation marks omitted) (quoting *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1919-20 (2023)). Since Section 33(c) of Title 4 of the Virgin Islands Code is modeled after 28 USC 1292, the Defendants cite *Coinbase* as persuasive. The Plaintiffs wholeheartedly disagree. Lastly, the Defendants cite the general authority of courts to manage their cases, which includes the inherent authority to impose a stay. *See id.* at 4 n.4 (citing, *inter alia*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Court will turn to the Defendants' last argument first.

¶7     Inherent authority is a valid source of authority. *Cf. In re: McRae*, 74 V.I. 620, 634 (2021); *see also Olson v. V.I. Water & Power*, 2023 VI Super 64, ¶ 24 ("'Virgin Islands courts have the inherent authority to economically manage their dockets to best promote the fair and efficient resolution of the dispute between the parties.'" (citation omitted)). But "courts across the country have maintained that inherent authority should be recognized and yet employed rarely[.]" *State v. Jess*, 184 P.3d 133, 164 (Haw. 2008) ("'[C]ourts across the country have maintained that inherent authority should be recognized and yet employed rarely[.]'" (brackets and ellipsis omitted) (quoting *Wynn v. State*, 879 A.2d 1097, 1104 (Md. 2005)); *accord Commonwealth v. Widrick*, 467 N.E.2d 1353, 1355-56 (Mass. 1984) ("A judge's inherent authority should be summoned only in the absence of statutory authority."). In this instance, statutory

authority authorizes stays pending application for an appeal of a controlling question of law. *See* 4 V.I.C. § 33(c). Thus, statutory authority, and not inherent authority, is what governs here.

¶8      The question remains, however, what standard should govern the exercise of this Court's statutory authority. Of course, when interpreting statutes, courts look first to the statute's plain meaning. *See, e.g., Gumbs v. People*, 59 V.I. 784, 798 (2013). The Defendants are correct that the Virgin Islands statute is similar to the federal statute.[1] But the Virgin Islands statute differs in one respect, a respect that may be controlling. The Virgin Islands statute provides that the case "may not" be stayed unless the judge or a justice orders it stayed, whereas the federal statute provides that the case "shall not" be stayed. "Typically, shall is meant to impose a duty (e.g., you shall file your taxes by April 15). But when followed by not, shall often instead means may (i.e., you shall not means you may not)." *Young Conservatives of Tex. Found. v. Smatresk*, 73 F.4th 304, 312 (5th Cir. 2023) (citing Words of Authority, Bryan A. Garner, *Garner's Dictionary of Legal Usage* (3d ed. 2011)). The problem is "that 'shall can bear five to eight senses even in a single document[.]'" *Id.* (quoting Garner). Many courts equate "shall not" with "may not" even though may is permissive and shall is mandatory. *Cf. Commonwealth v. Dalton*, 5 N.E.3d 1206, 1209 (Mass. 2014) ("[W]e see no distinction between the words 'shall not' and 'may not' in terms of their practical consequence. Neither allows the exercise of discretion. Where the Legislature grants discretion

---

[1] *Compare* 4 V.I.C. § 33(c) ("Whenever the Superior Court judge, in making a civil action or order not otherwise appealable under this section, is of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation, the judge shall so state in the order. The Supreme Court of the Virgin Islands may thereupon, in its discretion, permit an appeal to be taken from the order, if application is made to it within ten days after the entry of the order; except that application for an appeal hereunder may not stay proceedings, in the Superior Court unless the Superior Court judge or the Supreme Court or a justice thereof orders a stay of the proceedings."), *with* 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.").

in some circumstances and denies it in others, the use of the word 'may' contrasted with the words 'may not' simply clarifies where discretion is granted and where it is forbidden more effectively than the words 'shall not.'"); *In re: Hope Coal.*, 977 N.W.2d 651, 658 (Minn. 2022) ("Other state legislatures have adopted this exact approach and defined 'may not' as synonymous with 'shall not,' even after defining 'may' as permissive and 'shall' as mandatory."). These courts reason that while "'may' undoubtably signals permission . . . the plain meaning of 'may not' revokes or negates that permission." *Id.* Some courts have found "that the change from 'shall not' to 'may not' rendered the . . . [use] discretionary." *Walters v. Nadell*, 751 N.W.2d 431, 434 (Mich. 2008). *But see id.* ("The Court of Appeals erred in its conclusion that the amendment rendered the tolling provision discretionary.").

¶9　　One way to interpret the differences between Section 33(c) of Title 4 of the Virgin Islands Code and Section 1292(b) of Title 28 of the United States Code is to view them as stylistic. The federal statute uses more formal language, even archaic, whereas the Virgin Islands statute is simpler. The federal statute refers to the judge as "he"; the Virgin Islands statute repeats "the judge" rather than use a pronoun. The federal statute provides that the application for appeal shall not stay proceedings unless the judge so orders, whereas the Virgin Islands statute provides that the application for appeal may not stay the case proceedings unless the judge so orders. Viewing the differences as stylistic only would address the distinctions between the statutes. But, regardless of the differences, it is clear that the Virgin Islands statute did change the word shall to may and provide that the application for appeal may not stay proceedings unless the judge so orders. In this context, the use of the word may, even though negated, coupled with unless—an application for appeal may not stay proceedings unless—does read as if the Legislature intended to relax the mandatory nature of the federal statute. The Legislature could have borrowed the "shall not . . . unless" language used by the federal statute. Instead, they changed it. This change cannot be meaningless because courts must ascribe meaning to all words in a statute and to differences in

borrowed legislation. Absent evidence to the contrary, it is reasonable to conclude that the Legislature intended that Section 33(c) of Title 4 of the Virgin Islands Code would grant the judge broader discretion to stay proceedings pending resolution of a controlling question of law. After all, if the question truly is controlling, it could to "the ultimate *termination* of litigation." 4 V.I.C. § 33(c) (emphasis added). If the litigation will terminate, imposing a stay would be prudent.

¶10    The Court is not convinced that this litigation will terminate. In one sense, the Defendants' invocation of *Coinbase*'s reasoning is on point. The entire case must be involved in the appeal, otherwise the litigation could not terminate, and certification would be improper. But if the question were solely whether the entire case was involved in the appeal, the Legislature (and Congress by analogy) would have provided that the application for appeal shall stay proceedings unless the judge orders otherwise. Again, certification of a controlling question must, according to the plain text of the statute, have the potential to terminate the entire litigation, not an aspect of the case. So, the entire case will always be involved in an interlocutory appeal of a controlling question. Instead, the discretion to stay proceedings pending appeal was phrased in the negative, that a stay should not be imposed unless the judge believes that it is appropriate. Thus, *Coinbase* is distinguishable and, more importantly, not binding.

¶11    It is for this reason that the Court also does not believe that the four-factor test that governs other stays pending appeal, such as the stay of a judgment or of a preliminary injunction, is appropriate in analyzing whether to impose a stay pending resolution of a controlling question. First, like Section 1292(b), appeals under Section 33(c) are "intended, and should be reserved, for situations in which the [appellate] court . . . can rule on a *pure*, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir. 2004) (emphasis added). As the United States Court of Appeals for the Eleventh Circuit explained,

> The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law. And the answer to that question must substantially reduce the amount of litigation left in the case. *Id.*

This Court was satisfied that the question that was certified met this high level of abstraction. Otherwise, the Court would have denied the request to certify the question for interlocutory appeal. The facts of the case, generally, have little bearing on the abstract legal question being considered on appeal. Instead, an interlocutory appeal of a controlling question typically only brings the question to the appellate court for determination.

¶12    Second, and more importantly, the first of the four-factor test asks about the plaintiff's likelihood of success on the merits. *See Suid v. Law Office of Karin A. Bentz*, 2021 VI 1U, ¶ 2 ("'To determine whether a litigant is entitled to a stay pending appeal, this Court considers: (1) whether the litigant has made a strong showing that he is likely to succeed on the merits (2) whether the litigant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies.'" (quoting *In re: Najawicz*, S. Ct. Crim. Nos. 2008-0098, *et seq.*, 2009 V.I. Supreme LEXIS 2, *5-6 (V.I. Jan. 8, 2009)).) And "'the first of these factors is ordinarily the most important.'" *Id.* (brackets omitted) (quoting *Rojas*, 2009 V.I. Supreme LEXIS 6 at *5)). By concluding that a controlling question is at issue, and that an answer to that question could terminate the litigation, the trial court has, by definition, determined whether that the plaintiff is or is not likely to succeed on the merits. It is for this reason that the Court will deny the Defendants' motion.

¶13    The Plaintiffs commenced this action on April 12, 2018. The Clerk's Office randomly assigned the case to a general jurisdiction judge (Brady, J.) who presided over the case briefly, until the former Presiding Judge (Dunston, J.) designated the case as complex and transferred it to the then-newly established Complex Litigation Division in an Order dated August 14, 2018, and entered August 21, 2018. The judge assigned at that time to the Complex Litigation Division (Molloy, J.) heard oral argument

approximately six months later, on March 27, 2019, and concluded that personal jurisdiction should be addressed before discovery. (*Cf.* Hr'g Tr. 171:4-14 (Mar. 27, 2019) ("We have the motion to stay discovery and we also have Plaintiff's request for a scheduling order. Because Plaintiffs are not requesting jurisdictional discovery, I'm going to first rule on the personal jurisdiction issues before I issue a scheduling order. . . . And then after that, if necessary we're going to proceed with a scheduling order." (paragraph break omitted)).) The prior judge's term concluded before personal jurisdiction could be addressed. Further delay resulting in part from the COVID-19 pandemic and its impacts on the courts meant that this case was not formally reassigned to this Court, and personal jurisdiction not decided, until several years later.

¶14    If, however, the Plaintiffs had been able to force the Defendants to proceed with merits discovery over the prior six years, it very well might have risen to the level of a due process violation. *Accord Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1227 (S.D. Ala. 2006) (rejecting request for merits discovery but allowing jurisdictional discovery) ("If, in fact, personal jurisdiction is lacking . . . then it offends bedrock notions of due process to continue forcing [the defendant] to participate in this litigation."); *Victoria's Secret Stores Brand Mgmt. v. Bob's Stores LLC*, No. 2:13-cv-1261, 2014 U.S. Dist. LEXIS 34503, *6 (S.D. Ohio Mar. 17, 2014) ("Staying merits discovery is consistent with the Court's pronouncement above that discovery must not 'undermine the due process considerations that personal jurisdiction is designed to protect.'" (quoting *In re: Porsche Cars N. Am., Inc.*, No. 2:11-md-2233, 2012 WL 4361430, *2 (S.D. Ohio Sept. 25, 2012))). This Court did grant the motion the Defendants filed to stay discovery until the dispositive motions were ruled on largely because, Rule 26(d)(4) notwithstanding, the Court had concerns about the due process implications of ordering parties to go forward with merits discovery (distinguished from jurisdictional discovery) if the trial court lacks personal jurisdiction. As this Court previously explained, finding the procedural history of this matter illustrative:

> If the Court had granted Plaintiffs request in 2018, and denied the Defendants' motion to stay, the result would have been over five years of discovery conducted by the parties and all the expense that would accompany it – only for the Court to conclude (assuming only for the sake of discussion) that it lacked personal jurisdiction over the Defendants. The Supreme Court of the United States has been clear that it is a denial of due process to require a defendant to litigate in a forum that lacks personal jurisdiction over the defendant. Forcing a defendant to conduct full discovery (as Plaintiffs have not asked for limited discovery on one or more narrow issues) would erode the protections offered by the United States Constitution. What value is there in being protected from having to litigate in a forum when a defendant is, effectively, required to litigate the merits of a case only to have the case later dismissed after discovery is complete. Costs, time, attorney's fees and expenses would have already been incurred. (Order 8-9, entered Feb. 16, 2023.)

Of course, merely challenging personal jurisdiction does not entitle one to a *de facto* stay. *See* V.I. R. Civ. P. 26(d)(4). "In fact, some courts have concluded that a pending motion to dismiss for lack of personal jurisdiction presents '*even less reason* to stay discovery pending their outcome' given that 'these types of motions do not go to the merits of the case, but only to the forum in which is proceeds.'" *Huey Jiuan Liang v. AWG Remarketing, Inc.*, No. 2:14-cv-00099, 2015 U.S. Dist. LEXIS 186313,*5 (S.D. Ohio July 24, 2015) (emphasis added) (quoting *Charvat v. NMP, LLC*, No. 2:09-cv-209, 2009 WL 3210379, *2 (S.D. Ohio Sept. 30, 2009)). But in this instance, if discovery had gone forward, it could have proceeded for years with personal jurisdiction potentially lacking.

¶15    All of that is no longer a concern, however, because the Court concluded that the Superior Court could exercise personal jurisdiction over the remaining Defendants, BlackRock, Inc. having been dismissed. The Court does acknowledge that there is substantial ground for difference of opinion as to the grounds on which personal jurisdiction is being exercised here and, for that reason, granted the Defendants request to certify the personal jurisdiction question to the Virgin Islands Supreme Court for determination. Although the Supreme Court has not yet ruled on the Defendants' petition, this Court does not see any justification for delaying discovery any further. The Supreme Court has discretion to decide whether to grant the petition, which also means that it can either grant it or deny it.

¶16     If the Supreme Court were to deny the Defendants' petition, there certainly would be no basis for staying discovery. And even if the Supreme Court grants the petition and accepts jurisdiction of the certified question, there is no set time in which that Court must act on it. That is, even though interlocutory appeals must be considered on an expedited basis, *see* V.I. R. App. P. 6(b), and even though the appeal generally should be decided within thirty or, at most, sixty days from when it was considered or any supplemental briefing submitted, *see* V.I. S. Ct. I.O.P. 5.5.3(a), certified questions can take longer to resolve. *Cf. Edwards v. GEC, LLC*, S. Ct. 2017-0025, 2017 V.I. Supreme LEXIS 46, *1 (V.I. Aug. 1, 2017) (noting in caption appeal argued May 16, 2017 and decided August 1, 2017), *reported (without argument date) at* 67 V.I. 745 (2017); *see also, e.g., Balboni v. Ranger Am. of the V.I., Inc.*, S. Ct. Civ. No. 2018-0022, 2019 V.I. Supreme LEXIS 29, *1 (V.I. June 3, 2019) (noting in caption appeal argued April 10, 2018 and decided June 3, 2019), *reported (without argument date) at* 70 V.I. 1048 (2019). Even if the Supreme Court grants the Defendants' petition, keeping discovery stayed pending however long it might be until the Supreme Court answers the certified question—since this Court, of course, has no control over how long that Court might need to make its decision—might swing the same pendulum in the opposite direction and violate the Plaintiffs' due process rights.

¶17     Finally, even if the Supreme Court does grant the Defendants' petition and accepts jurisdiction of the controlling question, and even if that Court's decision is handed down fairly quickly after the matter is submitted, there is no guarantee that the Defendants will prevail. Again, by certifying a controlling question, this Court acknowledged the substantial ground for a difference of opinion. If the Supreme Court disagrees with this Court's conclusion, it will terminate this litigation. But certifying a controlling question of law for interlocutory review should not be viewed as an indication that the trial court doubts the correctness of its own decision. Instead, it is simply an acknowledgement that the area of law is uncertain and answering the legal question will provide that certainty.

### III.    CONCLUSION

¶18    For the reasons given above, the Court concludes a stay of discovery is not warranted here. Section 33(c) of Title 4 of the Virgin Islands Code provides that a stay may not be imposed on proceedings pending application for appeal of a certified question unless the judge or a justice so orders. Although the legal standard governing stays under Section 33(c) is unsettled, this Court believes that the statute governs and written in the negative, it provides that a stay may not be imposed unless. That is strong evidence that stays are ordinarily disfavored. The Defendants contend that a stay should be imposed because the entire case will be at issue in the certified question. That is always the case, however, when a controlling question of law is certified that might lead to the ultimate termination of litigation. The Virgin Islands Legislature chose to incorporate language into the statute that a stay may not be imposed unless the judge so orders. Here a *de facto* stay has been in place since the Defendants appeared on June 1, 2018, because the prior judges assigned to this case did not hold a case management conference as required by Rule 16 of the Virgin Islands Rules of Civil Procedure, nor rule on the August 7, 2018 motion to stay discovery. It was not until this Court, on February 16, 2023, granted that motion that discovery was formally stayed. That Order provided discovery would remain stayed "pending a decision on the motions to dismiss filed by the Defendants . . . ." (Order 10, entered Feb. 16, 2023.) Since the motions to dismiss have been decided, and this Court found that exercising personal jurisdiction is proper, staying discovery any longer would be improper. Six years is long enough. The Plaintiffs are entitled to at least commence discovery even if this forum is not the ultimate form that will hear this matter.

Accordingly, it is hereby

**ORDERED** that the Joint Motion to Stay Proceedings Pending Interlocutory Appeal filed by the Defendants on December 22, 2023 is **DENIED**. It is further

**ORDERED** that the Staff Master shall **PROCEED** on an *expedited basis* to **HOLD** a case management conference and **ISSUE** one or more orders to establish and manage discovery.

**DONE and SO ORDERED** this ___26___ day of February, 2024.

**HAROLD W.L. WILLOCKS**
Administrative Judge of the Superior Court

**ATTEST**:
Tamara Charles
Clerk of the Court

By: _____

Court Clerk

Dated: ___2/26/2024___